IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIQUID LIFE VACTION RENTALS, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 1:20-CV-386-TFM-N |
| TRACK HOSPITALITY SOFTWARE, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiff's Motion to Remand* (Doc. 9, filed 8/24/20). The motion is unopposed and therefore ripe for review. Having considered the motion and relevant law, the Court finds the motion to remand is due to be **GRANTED**.

### I.   PROCEDURAL HISTORY

Plaintiff Liquid Life Vacation Rentals, LLC ("Plaintiff") filed this complaint in Baldwin County, Alabama Circuit Court on June 29, 2020. *See* Doc. 1-1, Exhibit A, Complaint. Plaintiff's lawsuit alleges counts of Breach of Contract, Unjust Enrichment, Fraud, Breach of Implied Warranty of Fitness for Particular Purpose, and Breach of Implied Warranty of Merchantability against Defendant Track Hospitality Software, LLC ("Defendant"). *Id*. The Complaint does not provide for a specific amount of damages sought, but seeks "compensatory and punitive damages resulting from the breach of implied warranty of merchantability by Defendant, as well as attorneys' fees, costs, and any other, further, or different relief to which Plaintiff may be entitled at law or in equity." *Id*. at p. 4.

On August 5, 2020, Defendant filed a Notice of Removal in this court based on an assertion

of diversity jurisdiction.  *See* Doc. 1, generally.  Defendant states in his Notice of Removal that the case is properly removable under 28 U.S.C. §1441 and §1446 because the United States District Court has original jurisdiction over this case under 28 U.S.C. §1332.  Specifically, Defendant asserts diversity jurisdiction exists in this case because "there is substantial evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs" and complete diversity of citizenship exists among the parties.  *See id*.  Defendant indicated Plaintiff is a citizen of Alabama and Defendant is a citizen of Minnesota.

On August 14, 2020, in response to the Court's directive, Defendant filed an Amended Notice of Removal in an attempt to properly allege jurisdiction.  Defendant attached certified copies of the Articles of Organization to purportedly establish that Plaintiff is a citizen of Alabama and Defendant is a citizen of Minnesota.  *See*  Docs. 5-1, 5-2, 5-3.  However, the Amended Notice still contained deficiencies, so the Court issued another order to correct.  *See* Docs. 7, 8.

Plaintiff then timely filed an <u>unopposed</u> motion to remand on August 24, 2020.  *See* Doc. 9.  In the motion to remand, Plaintiff asserts the amount in controversy does not and will not exceed the $75,000 jurisdictional threshold.  Concurrent with the motion to remand, Plaintiff also filed the *Affidavit of Jonathan A. Griffith* wherein it states, "the Plaintiff stipulates that the amount in controversy is less than the jurisdictional threshold of $75,000.00" and clarifies that Plaintiff did not intend to seek damages in excess of $75,000 nor will Plaintiff accept damages in excess of $75,000 (exclusive of costs and interest) should a judge or jury award such an amount.  *See* Doc. 9-1.  The motion is unopposed and no further documents have been filed by the Defendant with regard to federal jurisdiction in this matter.  Therefore, the motion and issue of jurisdiction are ripe for review.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). When a plaintiff does not specify the total amount of damages demanded in a state court complaint, then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard*, 279 F.3d at 972. Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, this Court's jurisdiction depends on the propriety of removal. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." The notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28

U.S.C. § 1446(b).  Here, Defendant's notice of removal is timely and based on diversity jurisdiction.

Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement.  Here, both elements are at issue.[1]

"[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)).  In light of Plaintiff's clarification and Defendant's lack of opposition, the Court finds that the Defendants have not met this burden.  Here, Plaintiff's complaint sought an unspecified amount of compensatory damages.  In this Unopposed Motion to Remand and Plaintiff Attorney's Affidavit, the Plaintiff clarifies and assures that at the time Plaintiff filed its complaint in state court and on the date of removal, Plaintiff neither sought nor intended to seek damages exceeding $75,000.  *See* Docs. 9, 9-1.  Plaintiff stipulates that it will not accept awarded damages in an amount exceeding $75,000, exclusive of interest and costs.

While normally the Court would need to delve into whether this is an attempt by Plaintiff

---

[1] Complete diversity of citizenship is still at issue because Defendant failed to allege this Court's jurisdiction by detailing the *citizenship* (not merely the residence) of all members of any limited liability company ("LLC") that is a party to this action, and all members of any member LLCs, until all members of all relevant LLCs to this action are identified.  *See* Docs. 7, 8.  However, the Court need not address the matter further since the remand issue is unopposed.

to modify the complaint as opposed to a clarification, it need not do so here.  Plaintiff's motion is unopposed and no further attempts to establish jurisdiction were made by Defendant.  Therefore, the jurisdictional burden is not met.

## IV.  CONCLUSION

Pursuant to the foregoing Memorandum Opinion, the Court grants *Plaintiff's Motion to Remand* (Doc. 9) and this action is **REMANDED** to the Circuit Court of Baldwin County, Alabama.  The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 20th day of October, 2020.

> s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE